UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- x

In re:                                                 :

                                                       :   Chapter 11

TS EMPLOYMENT, INC.,                                   :

                                                       :   Case No. 15-10243

                             Debtor.                   :

--------------------------------------------------------------- x

### DECLARATION OF ROBERT CASSERA PURSUANT TO LOCAL RULE 1007-2

ROBERT CASSERA declares pursuant to 28 U.S.C. § 1746, as follows:

1.      I am President of TS Employment, Inc. (the "Debtor"), and submit this declaration pursuant to Rule 1007-2 of the Local Rules of this Court.

2.      The Debtor intends to file a voluntary Chapter 11 petition with the Clerk of this Court on February 2, 2015.  There is no other or prior bankruptcy case filed by or against the Debtor.  There has not been a committee of unsecured creditors organized prior to the order for relief in the Debtor's Chapter 11 case.

3.      A copy of the Debtor's board resolution authorizing the Chapter 11 filing is attached to the petition and incorporated by reference herein.  Unless otherwise indicated, all financial information contained herein is presented on an estimated and unaudited basis.

4.      The Debtor is a privately held corporation organized under the laws of the State of Florida.  The Debtor's principal office is located at 160 Broadway, 15th Floor, New York, New York. The Debtor is a professional employer organization (a "PEO") which provides the usual types of payroll-related services performed by a PEO.  The only customer of the Debtor is Corporate Resource Services, Inc. ("CRS").  CRS is a diversified technology, staffing, recruiting, and consulting services firm.  CRS is a public company.  Its stock trades on NASDAQ under the symbol CRRS.  During the fiscal year ended December 31, 2014, CRS had

{Client/000999/AD104/00889017.DOC;1 }

gross revenues of over $900 million.  In addition to being the sole shareholder of the Debtor, I am the majority shareholder of CRS.

5.      Recently, it was discovered that the Debtor failed to make certain payroll tax deposits to the Internal Revenue Service.  The precise amount of unpaid withholding tax deposits is still being determined but could be as high as $100 million.  This chapter 11 case was filed for the primary purpose of stabilizing the Debtor's business operations, so that its becoming aware of this potential significant tax liability does not jeopardize its ability to perform its PEO services to CRS.  Also further to that goal, the Debtor after consultation with CRS' senior management and its lender has selected Barry Kasoff as a chief restructuring officer.  Separate applications to retain Mr. Kasoff's firm, Realization Services Inc., as a consultant, and Barry Kasoff, as a chief restructuring officer, will be filed with the Bankruptcy Court.

6.      Pursuant to Rule 1007-2(a)(4) of the local bankruptcy rules annexed hereto as **Exhibit "1"** is a list containing the names and addresses of the Debtor's twenty (20) largest unsecured creditors excluding insiders.

7.      The Debtor has no secured creditors.

8.      Pursuant to rule 1007-2(a)(6) of the local bankruptcy rules, annexed hereto as **Exhibit "2"** is a balance sheet as of December 31, 2014.  This is an internally generated estimate of assets and liabilities and may require certain adjustments.

9.      The Debtor does not have any publicly held shares, debentures, or other securities.

10.     There is no property of the Debtor in the possession or custody of any public officer, receiver, trustee, pledge, assignee of rents, liquidators, secured creditors, or agents of such person.

11.    The Debtor is a party to several litigations.  These litigations consist primarily of wage and hour type litigation.  A complete list of all pending actions will be set forth in the Debtor's statement of financial affairs.

12.    The Debtor's assets consist primarily of cash and accounts receivable.  The Debtor's assets are located at its headquarters located at 160 Broadway, New York, New York.

13.    I am the Debtor's president.  I receive no payroll from the Debtor.  None of the other officers of the Debtor receive payroll.

14.    The Debtor has up to thirty thousand (30,000) employees for which it processes payroll.  These employees perform services for and on behalf of CRS and its staffing customers, and, accordingly, as is common with PEO structures like the Debtor's, CRS funds the payroll which the Debtor makes to its employees.  The Debtor has unpaid pre-petition payroll obligations in the sum of approximately $14 million, which checks will be presented to the Debtor's banks over the next few days.  Contemporaneously herewith, the Debtor will be filing a motion to authorize the payment of prepetition wage claims and to maintain its various payroll accounts.

15.    During the next thirty (30) days the Debtor expects to receive approximately $60 million from CRS, which will be utilized to meet its accrued and on-going payroll obligations (including wages and corresponding tax amounts).  CRS has demanded, and the Debtor intends to provide, a detailed accounting of all amounts paid by CRS to the Debtor for payroll obligations and of all amounts paid by the Debtor to satisfy those payroll obligations, to ensure CRS, its lender, and its customers that the PEO services provided by the Debtor will continue uninterrupted in the ordinary course of business.

Pg 4 of 4

16.    The Debtor intends to continue in the operation of its business in the ordinary course, and to propose a plan of reorganization which treats all creditors in a fair and equitable manner consistent with the provisions of the Bankruptcy Code.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 1st day of February, 2015

/s/ Robert Cassera
Robert Cassera
President