TOGUT, SEGAL & SEGAL LLP          **EXHIBIT "B"**
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Neil Berger
Jeffrey R. Gleit
Anthony F. Pirraglia

*Proposed Attorneys for James S. Feltman,*
*Not Individually But Solely in His Capacity*
*as Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:                        Chapter 11

                                Case No. 15-10243 (MG)

TS EMPLOYMENT, INC.,

                 Debtor.

------------------------------------------------------------X

## DECLARATION OF JAMES S. FELTMAN

James S. Feltman, pursuant to 28 U.S.C. § 1746, declares that:

1. I am the Chapter 11 Trustee of TS Employment, Inc. (the "Debtor") and am competent in all respects to make this Declaration.

2. This Declaration is submitted in connection with, and in support of, my application for an order authorizing the employment and retention of Togut, Segal & Segal LLP (the "Application"),[1] filed concurrently herewith.

3. This Declaration is provided pursuant to ¶ D.2 of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "Guidelines"),

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

which have been adopted by the Executive Office for United States Trustees under 28 U.S.C. § 586(a)(3). I am informed by counsel that the Guidelines request that any application for employment of an attorney under 11 U.S.C. §§ 327 or 1103 to be accompanied by a verified statement from the client that addresses the following, where applicable:

(a) The identity and position of the person making the verification. The person ordinarily should be the general counsel of the debtor or another officer responsible for supervising outside counsel and monitoring and controlling legal costs.

(b) The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

(c) The number of firms the client interviewed.

(d) If the billing rates are not comparable to the applicant's billing rates for other nonbankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.

(e) The procedures the client has established to supervise the applicant's fees and expenses and to manage costs. If the procedures for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in nonbankruptcy cases to supervise outside counsel, explain how and why. In addition, describe any efforts to negotiate rates, including rates for routine matters, or in the alternative to delegate such matters to less expensive counsel.

A. **Identity of the Declarant**

4. I am the Trustee of the Debtor in this Chapter 11 case. Among other duties, I am responsible for retaining and supervising counsel and monitoring and controlling legal costs. In that capacity, I made the decision to retain Togut, Segal & Segal LLP (the "Togut Firm") to serve as my counsel in this Chapter 11 case based upon

2

the Togut Firm's extensive experience representing trustees, debtors, creditors, committees and other parties-in-interest in this Court.

B. **Steps Taken to Ensure Comparability of Engagement Terms**

5. I have confirmed with the Togut Firm that while the Togut Firm's billing rates vary from attorney to attorney based on such factors as the individual attorney's rank (*e.g.*, partner, associate), years of experience, and the demand for services in the attorney's particular area of expertise, their billing rates do not vary as a function of whether the services performed related to a bankruptcy engagement or a nonbankruptcy engagement.

6. In addition, I have been informed by the Togut Firm that its hourly rates are set annually by reference to various annual market surveys and other sources of market information. Based on this and other sources, including reviews of contemporaneous time records and fee applications filed in other cases, the Togut Firm endeavors to set the hourly rates for its attorneys and paraprofessionals at levels below those of its principal competitor firms.

C. **Number of Firms Interviewed And Circumstances Warranting Retention of The Togut Firm**

7. When I was appointed Trustee in this Chapter 11 case, I determined that it was necessary to retain counsel. In considering potential counsel, I interviewed two law firms, one of which was the Togut Firm. Based upon my familiarity with and interview of the Togut Firm, I understand that the Togut Firm has earned a reputation for handling trustee representations effectively and efficiently. I determined to retain the Togut Firm based on its extensive experience and skills in such matters, and I concluded that the retention of the Togut Firm as counsel would assist me in fulfilling my responsibilities as Trustee in this Chapter 11 case.

D.  **Other Circumstances Warranting The Retention of The Togut Firm**

8. I am informed by the Togut Firm that their attorneys' billing rates are set each year by reference to various sources to ensure that their rates are lower than the billing rates of other comparably skilled professionals at law firms in the Togut Firm's peer group. I therefore believe that the Togut Firm's retention is warranted in this case.

E.  **Procedures Established to Supervise Fees and Expenses and Manage Costs**

9. In addition, the Togut Firm's fees and expenses will be subject to my review, comment and objection (if warranted), and court approval pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Bankruptcy Rules and orders of the Court, guidelines established by the United States Trustee, and such other procedures as may be fixed by order of this Court.

10. In fulfilling my duties as Trustee, I will monitor legal fees and expenses incurred in this Chapter 11 case to ensure the reasonableness of such fees and expenses. During this Chapter 11 case, I will monitor the Togut Firm's invoices to ensure that the fees and expenses requested are reasonable in nature and correspond to necessary or beneficial services rendered. As the Togut Firm and I become more familiar with the Debtor's assets, liabilities and financials affairs, we will formulate a budget and staffing plan to address matters that will be encountered in this Chapter 11 case. To the extent that I have any objection to the fees or expenses requested by the Togut Firm that cannot be resolved to my satisfaction informally, the Togut Firm will file the requisite objection on my behalf.

11. Nothing contained in the foregoing is intended to limit the Togut Firm's ability to request allowance and payment of fees and expenses pursuant to 11

U.S. C. §§ 330 and 331, nor to restrict the Togut Firm's right to contest any objection raised to the allowance or payment of such fees, nor to restrict my right to prosecute any such fee objection to the extent it is not resolved informally by the parties or raised by another party in interest (*e.g.*, the United States Trustee).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 24, 2015

                                                  /s/James S. Feltman, Trustee
                                                       James S. Feltman