

# United States Securities and Exchange Commission

100 F Street, N.E., Washington, DC 20549

Sharan K.S. Custer
Senior Counsel
Division of Enforcement

(202) 551-4749
custers@sec.gov

February 9, 2015

**VIA OVERNIGHT DELIVERY**

TS Employment, Inc.
160 Broadway, 15th Floor
New York, NY 10038
Attn.: Robert Cassera, President

Dear Mr. Cassera:

We believe TS Employment, Inc. ("TSE") may possess documents and data that are relevant to an ongoing investigation being conducted by the staff of the United States Securities and Exchange Commission. Accordingly, we hereby provide notice that such evidence should be reasonably preserved and retained until further notice. Failure to do so could give rise to civil and criminal liability.

The Commission considers potentially relevant documents to include those created on or after August 1, 2010 that:

(1) Were created, modified or accessed by the following individuals:

    a) Robert Cassera,
    b) Joseph Cassera,
    c) John P. Messina,
    d) Employees who participate in, work on, or are otherwise involved with finance, tax, accounting or financial reporting at TSE, and
    e) Any current or former officers and directors of TSE; or



Robert Cassera
February 9, 2015
Page 2

(2) Relates or refers to the following transactions/topics:

    a) Corporate Resource Services, Inc. ("CRS");
    b) PEO services provided to CRS, including those provided by any subsidiaries or affiliates of TSE;
    c) Robert Cassera's membership on CRS's Board of Directors, including his resignation on February 4, 2015;
    d) Joseph Cassera's membership on CRS's Board of Directors;
    e) Any unpaid federal tax liability of TSE;
    f) The voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York filed by TSE on February 2, 2015.

Such documents include both "hard copy" versions and electronically-stored information in your possession, custody or control, including text files, data compilations, word processing documents, spreadsheets, e-mail, voicemail, data bases, calendars and scheduling information, logs, file fragments and backup files, letters, instant messages, memoranda, notes, drawings, designs, correspondence or communication of any kind. Evidence that is stored electronically may be maintained on shared network files, computer hard drives, servers, DVDs, CD-ROMs, flash drives, thumb drives, laptops, digital recorders, netbooks, PDAs, smartphones, or other handheld devices.

In this letter, I refer to such documents and data as "Evidence." <u>You have a duty to reasonably preserve and retain such Evidence</u>.

<u>This duty includes an obligation to provide notice</u> to all employees or custodians who may be in possession of Evidence. This duty also extends to the preservation and retention of Evidence in the possession or custody of third-parties, such as an internet service provider or a cloud computing provider, if such Evidence is within your control.

<u>You may need to act affirmatively to prevent the destruction of Evidence</u>. This duty may necessitate quarantining certain Evidence to avoid its destruction or alteration. You should consider whether you need to discontinue the routine destruction of Evidence, including discontinuing the recycling of backup tapes or other storage media, and the deletion of emails, "trash," "recycling," "drafts," "sent," or "archived" folders. You should avoid running or installing any drive cleaning, wiping, encrypting, or defragmenting software on hard disks of computers that may contain Evidence.



Robert Cassera
February 9, 2015
Page 3

<u>You should consider preserving any forensically recoverable data by having mirror image copies made of the Evidence</u>. Having said that, any attempt to replicate electronic data without adhering to best practices for data replication could compromise the integrity or contents of such data. Simply making "hard copies" of such Evidence or transforming it to other formats (such as TIFF, or PDF documents) does not constitute preservation of such Evidence. We are prepared to discuss with you proper protocols for replication before you attempt to copy Evidence. The Commission may be able to retain and supervise computer forensic resources to properly and non-invasively create back-up images of Evidence.

In addition to preserving the Evidence described above, we further request that you take no action to delete or otherwise compromise <u>any</u> content existing on social networking websites such as "Facebook" or "LinkedIn." Moreover, we request that you take no affirmative action to delete <u>any</u> emails, even emails that may not fit within the parameters set forth above.

\*    \*    \*

While we recognize that this may impose a burden on you, it is absolutely necessary that you fully comply with your obligations to reasonably retain and preserve Evidence. We appreciate your efforts in this regard.

Please contact me if you have any questions, or to meet-and-confer about the matters discussed above. Further, please acknowledge your receipt of this letter by sending me an email or by returning a copy of this letter with your signature in the space provided below.

Sincerely,

Sharan K.S. Custer

I acknowledge that I received this letter
on the ___ day of _____, 201_:

_____