# EXHIBIT 1

 Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

March 30, 2015

**By ECF and Hand Delivery**

Sarah S. Gold
Member of the Firm
d 212.969.3370
f 212.969.2900
sgold@proskauer.com
www.proskauer.com

Hon. Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

    Re:    *In re TS Employment, Inc.*

Dear Judge Glenn:

We write to correct the record with respect to Proskauer as compared to the representations of the Chapter 11 Trustee, James S. Feltman, in his declaration filed on March 26 [Docket No. 60-2] (the "Declaration") in support of his *ex parte* application concerning document preservation [Docket No. 60] (the "*Ex Parte* Application"). This letter is submitted at this time due to the conference scheduled for March 30. If Proskauer remains a Respondent to the application, it will file a formal responsive pleading in accord with the schedule set forth in the Court's Order To Show Cause And Temporary Restraining Order dated March 27, 2015.

On February 2, TS Employment, Inc. (the "Debtor") filed a voluntary Chapter 11 petition with this Court. On February 9 and 13, the Debtor and Tri-State Employment Services, Inc. ("Tri-State") received notices from the Securities and Exchange Commission ("SEC") requiring that certain records of these two entities be preserved as potential evidence "In the Matter of Corporate Resource Services Inc." On February 23, Proskauer was engaged by both entities to represent them solely in connection with the SEC matter. On February 27, 2015, the Office of the United States Trustee appointed (and this Court approved) James S. Feltman to serve as the Chapter 11 trustee of the Debtor's estate [Docket Nos. 33 & 36] (the "Trustee").

In the Declaration, the Trustee states Proskauer was retained by the Debtor without his "knowledge or consent," was "not acting at the direction of the Trustee," and has not honored his request to see what Debtor's material has been copied. See Declaration at ¶¶ 17-19. In fact, while Proskauer was retained four days before the Trustee was appointed on February 27, Proskauer has spoken with the Trustee and his representatives repeatedly and provided assistance requested by the Trustee including the retention of an e-discovery firm the Trustee's representatives confirmed was the "best in the business" to meet the Trustee's obligations to preserve documents under the SEC hold notice.

Since February 27, Proskauer has been acting with the Trustee's knowledge and consent. Since his appointment, the Trustee and his counsel have had several conversations with Proskauer (the first of which was on March 4), including an in-person conversation with the Trustee at the

## Proskauer»

Hon. Martin Glenn
March 30, 2015
Page 2

Debtor's headquarters on March 11. During these conversations, Proskauer completely explained its retention and role. Proskauer made clear the scope of its engagement with respect to the SEC matter, outlined the steps being taken to assist the Debtor in complying with the SEC's notices, and disclosed Proskauer's concurrent representation of Tri-State in the same proceeding. The Trustee and his counsel never objected to Proskauer's role. To the contrary, the Trustee affirmatively asked Proskauer to perform additional services on his behalf, including taking physical possession of boxes of server backup tapes then stored at the Debtor's headquarters, and to separate out, and provide to the Trustee, the Debtor's electronic records separate from Tri-State's electronic records which were being preserved together for the SEC litigation hold. Proskauer explained to the Trustee on March 11 that the preservation steps being undertaken were to preserve all possibly relevant records of both the Debtor and Tri-State combined. It was a massive amount of electronic data being preserved to comply as broadly as possible with the SEC litigation hold notices of both the Debtor and Tri-State. Proskauer explained that it was not at a stage where it could provide the Trustee with copies of the Debtor's electronic documents separated out from those of Tri-State, as he stated he wanted, because Proskauer's efforts were directed to preservation only and it had not yet had an opportunity to review any of the preserved documents or to determine how they were organized or what would be involved in attempting to separate them. The Trustee said he understood but down the road would be requesting that Proskauer undertake the task. The Trustee did not raise the possibility of requesting all the preserved records for both the Debtor and Tri-State and in fact expressly stated he was interested only in obtaining the Debtor's separate documents.

At the same time, Proskauer noted that the Trustee was at the Debtor's premises and it was Proskauer's understanding that the Debtor's personnel would cooperate fully with him and provide to him on site all the Debtor's documents he wanted to review. At the time, he was meeting with the Debtor's accounting personnel and indicated that he was primarily interested in reviewing the Debtor's books and tax returns. Until the filing of the *Ex Parte* Application, Proskauer was never advised by the Trustee that he was dissatisfied with that cooperation or with his access to records at the Debtor's offices, despite recent conversations with the Trustee's counsel.

In several subsequent calls with the Trustee's counsel, Proskauer updated him on the preservation efforts and informed him that Proskauer had still not yet had an opportunity to review any of the preserved electronic documents. In fact, it was only this Wednesday, March 25, that Proskauer had a first meeting with its e-discovery advisors to begin to determine the volume and character of the electronic documents preserved. All records preservation work has been performed by The Oliver Group, an e-discovery firm acknowledged by the Trustee's counsel as "the best in the business."

This week, the Debtor received a very broad subpoena from the SEC with an initial return date of April 10. In light of the near-term deadline, the extensive requests, the document review and investigative steps necessary to comply with the SEC subpoena, Proskauer needs immediate affirmation from the Trustee that he intends to seek this Court's approval to formally retain Proskauer on behalf of the Debtor's estate in connection with the SEC matter. While this

# Proskauer»

Hon. Martin Glenn
March 30, 2015
Page 3

appears to be a sensible and cost effective approach given Proskauer's representation of Tri-State which received the identical subpoena, if the Trustee does not intend to do so, the Trustee, his counsel and Proskauer will need to take prompt action to effectuate a smooth transition of this matter.

Respectfully submitted,

*s/Sarah S. Gold*

Sarah S. Gold