**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- X
: 
In re: : Chapter 11
:
TS EMPLOYMENT, INC., : Case No. 15-10243 (MG)
:
Debtor. :
:
---------------------------------------------------------- X

## STIPULATION AND ORDER

**WHEREAS**, James S. Feltman, Chapter 11 Trustee ("Trustee") in the instant proceeding, filed an *ex parte* application for relief (the "Application")[1] along with an accompanying Declaration of James S. Feltman (the "Feltman Declaration"), each dated March 26, 2015 and requesting certain relief against Tri-State Employment Services, Inc. ("Tri-State"), the Debtor, Corporate Resource Services, Inc. ("CRS") including employees of each of these entities (the "Parties");

**WHEREAS**, on March 27, 2015, the Court granted the Application on a temporary basis [Docket No. 63];

**WHEREAS,** the Parties have agreed to provide to the Trustee certain relief requested in the Application to obviate the need for further proceedings relating to the Application;

**WHEREAS**, the Trustee acknowledges that he has possession of Tri-State's electronically stored information ("ESI"), which he previously imaged and copied prior to the entry of this Stipulation;

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Application.

**WHEREAS**, on April 15, 2015, counsel for CRS delivered to the Trustee three external password protected hard drives which contained ESI collected by CRS as of April 15, 2015 from various CRS sources;

**WHEREAS**, CRS and Tri-State acknowledge that the Trustee is entitled to retain possession of the ESI referred to above in accordance with the terms of this Stipulation (and additional CRS or Tri-State data that may be discovered as provided for in paragraph 3 herein) (collectively, "Trustee Imaged Data");

**WHEREAS,** the Trustee has previously agreed that neither he, nor any of his employees or agents, will access or view any of Tri-State's and CRS' Trustee Imaged Data until: (i) further Order from this Court, or (ii) agreement is reached with either Tri-State or CRS, respectively, and that the Trustee Imaged Data is being kept in a fire-proof safe located in the Trustee's office (in sealed evidence bags and boxes) in accordance with the terms of this Order;

**WHEREAS**, on April 17, 2015, counsel for CRS delivered to counsel for the Trustee productions made on March 31 and April 16, 2015 by CRS to the United States Securities and Exchange Commission (the "SEC") in response to subpoenas received by CRS from the SEC; and

**WHEREAS**, on April 17, 2015, counsel for Tri-State delivered to counsel for the Trustee a production made on the same day by Tri-State to the SEC in response to subpoenas received by Tri State from the SEC.

**THEREFORE**, the Trustee and the Parties stipulate:

1. CRS and Tri-State shall not conceal, delete, destroy or impair any computers and/or laptop computers hard drives, computer servers (including back up tapes) that have been used, or are being used, by Tri-State, the Debtor, or CRS (or any of their employees), and Tri-

State, and CRS will preserve ESI, books and records (in whatever form they exist), except that CRS and Tri-State may continue to access and use CRS and Tri-State ESI, information or data to conduct the ordinary and ongoing business activities of CRS and Tri-State, provided that such ordinary and ongoing business activities do not conceal, delete or otherwise impair previously existing information except in the normal course of the operation of the computer device, application or storage medium. Any destruction or permanent impairment of any machine, document, information system or data that does not occur in the ordinary course of business must be disclosed to the Trustee within 7 business days.

2. The Trustee agrees that neither he, nor any of his employees or agents, will access, copy, or view any of Tri-State's and CRS' Trustee Imaged Data, including that obtained as a result of the court order of March 27, 2015 until further: (i) Order from this Court, or (ii) agreement is reached with either Tri-State or CRS, and that with regard to CRS' and Tri-State's Trustee Imaged Data, it is being kept in a fire-proof safe located in the Trustee's office (in sealed evidence bags and boxes) in accordance with the terms of this Stipulation.[2]

3. In the event CRS or Tri-State discover additional sources of ESI, CRS and Tri-State agree to provide the Trustee with ESI images of such ESI within seven (7) business days from discovery. Unless further stipulated by CRS or Tri-State, respectively, or addressed by further Order from this Court, all ESI provided to the Trustee after the date of this stipulation (pursuant to this paragraph) shall be placed on password protected external hard drives and placed in a fire-proof safe at the offices of the Trustee and the Trustee (or any of his agents) shall not access, copy, or review that information, except in compliance with the terms of this

---

[2] Upon the Trustee being discharged of his duties with respect to the Debtor, the Trustee agrees to the prompt return of all Trustee Imaged Data and any and all other ESI and other records provided by CRS and Tri-State (unless the Court orders otherwise).

Stipulation. Nothing in this paragraph shall be interpreted as restricting duties of the Trustee under 11 U.S.C. §1106 or limiting the Trustee's ability to review clearly identifiable Debtor data given to him in the course of discharging his duties.

4. With respect to CRS's ESI, CRS' e-discovery firm shall consult in good faith with the Trustee's e-discovery firm (Stroz Friedberg) to demonstrate that all of the CRS ESI has been provided to the Trustee as provided for herein, and CRS further agrees to reasonably address identified discrepancies in good faith by imaging additional ESI as may reasonably be required to fully comply with this stipulation and providing that information to the Trustee. If, after good faith consultation, CRS and the Trustee cannot agree to a resolution of alleged discrepancies, the relevant Parties shall promptly seek a telephonic conference with the Court. Tri-State's e-discovery firm shall also consult in good faith with the Trustee's e-discovery firm concerning possible imaging corruption in Tri-State's Trustee Imaged Data identified by the Trustee in an e-mail, dated April 22, 2015. If, after good faith consultation, Tri-State and the Trustee cannot agree to a resolution of these issues, the Parties shall promptly seek a telephonic conference with the Court.

5. The Parties agree that the Trustee may request and obtain hard copy documents, e-mails and other records (including laptop hard drives) whether or not they are provided to the SEC. CRS and Tri-State agree to provide the Trustee with any indexes of hard copy documents that may exist or that are created of their respective hard copy records, for records from August 2010 forward and excluding any indexes of legal files, and to cooperate in good faith with formal and informal discovery requests from the Trustee. The Parties shall be provided with a reasonable time period to review documents requested for privilege and are also entitled to object to any requests for production that they deem unduly burdensome. If, after good faith

consultation, the Parties and the Trustee cannot agree to a resolution of any disagreement with respect to the timing or scope of a request for the production of records, the relevant Parties shall promptly seek a telephonic conference with the Court.

6. CRS and Tri-State agree to provide to the Trustee a copy of all documents provided to the SEC within five (5) business days of such productions to the SEC.

7. The actions authorized by this stipulation are not intended to cause the waiver of attorney-client privilege, attorney work product protection or any other applicable privilege or protection in the instant proceeding or any other federal, state or administrative proceeding or action, including as set forth in Federal Rule of Evidence 502(d).

8. The Trustee, CRS, and Tri-State, if they choose and agree, may enter into other stipulations they deem necessary for their protection or mutual convenience regarding the CRS and Tri-State documents.

9. Nothing in this Order shall be deemed a waiver of the Trustee's right to seek documents or information from any entity, including any of the Parties hereto, by subpoena or other means.

[Concluded on the following page]

10. Within one business day of entry of this So Ordered Stipulation, the Trustee's Application shall be withdrawn and a request made by the Trustee to vacate the March 27, 2015 Order.

| | |
|---|---|
| **JAMES S. FELTMAN, Not Individually But Solely in His Capacity as Chapter 11 Trustee** | **TRI-STATE EMPLOYMENT SERVICES, INC.** |
| TOGUT, SEGAL & SEGAL LLP | PROSKAUER ROSE LLP |
| /s/Steven S. Flores<br>By: STEVEN S. FLORES<br>One Penn Plaza, Suite 3335<br>New York, New York 10119<br>(212) 594-5000<br>Dated: April 24, 2015 | /s/Sarah S. Gold<br>By: SARAH S. GOLD<br>11 Times Square<br>New York, NY 10036-8299<br>(212) 969-3000<br>Dated: April 24, 2015 |

**CORPORATE RESOURCE SERVICES, INC.**

CARTER LEDYARD & MILBURN LLP

/s/Justin A. Greenblum
By: JUSTIN A. GREENBLUM
2 Wall Street
New York, NY 10005
(212) 732-3200
Dated:  April 24, 2015

**IT IS SO ORDERED**.

Dated: April 28, 2015
        New York, New York

                                      **/s/Martin Glenn**
                                      MARTIN GLENN
                                United States Bankruptcy Judge