Geoffrey T. Raicht
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
212-969-3000
graicht@proskauer.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
                                                        :
In re:                                                  :    Chapter 11
                                                        :
TS EMPLOYMENT, INC.,                                    :    Case No. 15-10243 (MG)
                                                        :
                        Debtor.                         :
                                                        :
------------------------------------------------------- X

### NOTICE OF PROSKAUER ROSE LLP'S APPLICATION TO WITHDRAW AS COUNSEL OF RECORD FOR TRI-STATE EMPLOYMENT SERVICES, INC.

**PLEASE TAKE NOTICE** that on December 5, 2015, Proskauer Rose LLP ("Proskauer") filed an application for entry of an order authorizing Proskauer to withdraw as counsel of record for Tri-State Employment Services, Inc. in the above-referenced proceedings.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the application will be held before the Honorable Martin Glenn in the United States Bankruptcy Court for the Southern District of New York, Courtroom 501, One Bowling Green, New York, New York 10004 on **December 21, 2015, at 2:00 p.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion (the "Objections") must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Bankruptcy Rules for the Southern District of

New York, and shall be filed with the Bankruptcy Court (a) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M-399 (which can be found at http://www.nysb.uscourts.gov) and (b) by all other parties in interest, on a 3.5 inch disk, in text-searchable portable document format (pdf) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) counsel for the Tri-State Employment Services, Inc., Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, Attn: Geoffrey T. Raicht, (ii) counsel for James S. Feltman, Chapter 11 trustee for TS Employment, Inc. and Corporate Resource Services, Inc., Togut, Segal & Segal LLP, One Penn Plaza, Ste. 3335, New York, NY 10119, Attn: Steven Flores, (iii) the Office of the United States Attorney for the Southern District of New York, 86 Chambers Street, New York, New York 10007, Attn: Arastu K. Chaudhury, and (iv) Office of the United States Trustee, 33 Whitehall Street, 21st Floor, NY, NY 10004, Attn: Michael T. Driscoll so as to be received no later than **December 14, 2015 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the application, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the application, which order may be entered with no further notice or opportunity to be heard.

2

1211/71848-001 current/53209152v1

Dated: New York, NY
December 5, 2015

Respectfully submitted,

*/s/ Geoffrey T. Raicht*

Geoffrey T. Raicht
PROSKAUER ROSE LLP
11 Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
graicht@proskauer.com

3

1211/71848-001 current/53209152v1

Geoffrey T. Raicht
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
212-969-3000
graicht@proskauer.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
:
In re: : Chapter 11
:
TS EMPLOYMENT, INC., : Case No. 15-10243 (MG)
:
Debtor. :
:
------------------------------------------------------- X

**PROSKAUER ROSE LLP'S APPLICATION TO WITHDRAW AS COUNSEL
OF RECORD FOR TRI-STATE EMPLOYMENT SERVICES, INC.**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Proskauer Rose LLP ("Proskauer"), counsel of record for Tri-State Employment Services, Inc. ("Tri-State"), hereby applies for entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to Local Rule 2090-1 of the United States Bankruptcy Court for the Southern District of New York, granting leave to withdraw as counsel of record for Tri-State. In support of this Application, Proskauer respectfully states:

**PRELIMINARY STATEMENT**

As set forth in the annexed December 4, 2015, declaration of Sarah S. Gold, Proskauer seeks leave to withdraw as counsel of record for Tri-State because Tri-State has failed to pay Proskauer's legal fees and expenses and has informed Proskauer that it is unable to do so and unable to continue to retain its services.

1211/71848-001 current/53185071v2

During the course of Proskauer's representation of Tri-State in this matter, Proskauer has performed a substantial amount of work, including in connection with complying with this Court's May 15, 2015 Stipulation and Order (Dkt. No. 114). Despite the substantial amount of work undertaken on its behalf, Tri-State has failed to live up to its contractual obligation to pay Proskauer's legal fees and expenses. Notwithstanding Tri-State's agreement to pay invoices for Proskauer's legal fees and repeated requests by Proskauer for payment, Tri-State has left substantial sums unpaid and outstanding.

Prior to making this motion, Proskauer advised Tri-State that if its invoices remained unpaid it would be forced to make a motion to withdraw on the grounds set forth herein. Tri-State consented to Proskauer's withdrawal as counsel for Tri-State since it has advised it is unable to pay outstanding or ongoing counsel fees.

**ARGUMENT**

**I.     The Rules of Professional Conduct**

Pursuant to Local Rule 2090-1 of this Court, "[a]n attorney who has appeared as attorney of record may withdraw or be replaced only by order of the Court for cause shown." Rule 1.16 of the New York State Rules of Professional Conduct permits withdrawal of counsel where the client "deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." N.Y. Prof. Conduct Rule 1.16(c)(5).

**II.    Tri-State's Failure to Pay Its Legal Fees and Expenses Constitutes Sufficient Good Cause for Permitting Withdrawal of Counsel**

The Second Circuit has acknowledged that "where the client 'deliberately disregarded' financial obligations," nonpayment of legal fees "may constitute 'good cause' to withdraw." *United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006) (quoting *McGuire v. Wilson*, 735 F. Supp. 83, 84 (S.D.N.Y. 1990) and N.Y. Code of Prof'l Responsibility D.R. 2-110(C)(a)(f)).

Similarly, courts in the Southern District of New York consistently have found the failure to pay legal fees to be a legitimate ground for granting a motion to withdraw as counsel. *See, e.g., Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB) (JCF), 2011 U.S. Dist. LEXIS 16674, at *7-8 (S.D.N.Y. Feb. 17, 2011) ("Although there is no clear standard for what may be considered a 'satisfactory reason' for allowing a withdrawal, it seems evident that the non-payment of legal fees constitutes such a reason."); *Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc.*, No. 01 Civ. 2950 (DAB), 2005 U.S. Dist. LEXIS 17008, at *1 (S.D.N.Y. Aug. 15, 2005) ("'Satisfactory reasons include failure to pay legal fees.") (internal citations omitted); *Cower v. Albany Law Sch. of Union Univ.*, No. 04 Civ. 0643 (DAB), 2005 U.S. Dist. LEXIS 13669, at *16 (S.D.N.Y. July 8, 2005) ("It is well settled that nonpayment of fees is a legitimate ground for granting counsel's motion to withdraw.") (citation omitted); *HCC, Inc. v. R H & M Mach. Co.*, No. 96 Civ. 4920 (PKL), 1998 U.S. Dist. LEXIS 10977, at *1 (S.D.N.Y. July 20, 1998) ("It is well-settled that non-payment of fees is a valid basis for granting counsel's motion to withdraw.").

Accordingly, courts regularly grant counsel's motion for leave to withdraw where, as here, a client fails to pay fees for legal services rendered. In light of Tri-State's failure to honor its contractual obligation to pay Proskauer's invoices for its legal fees and expenses, Proskauer's motion to be relieved as counsel of record for Tri-State should be granted.

## CONCLUSION

For the foregoing reasons, Proskauer respectfully requests that the Court grant its motion to withdraw as counsel of record for Tri-State.

1211/71848-001 current/53185071v2

Dated: New York, NY
December 4, 2015

Respectfully submitted,

*/s/ Geoffrey T. Raicht*

Geoffrey T. Raicht
PROSKAUER ROSE LLP
11 Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
graicht@proskauer.com

1211/71848-001 current/53185071v2