JENNER & BLOCK LLP
Vincent E. Lazar
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

Richard Levin
Brian J. Fischer
919 Third Avenue
New York, New York 10022
(212) 891-1600

*Special Litigation Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>TS EMPLOYMENT, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 15-10243 (MG) |

**CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER**
**COMPELLING COMPLIANCE WITH SUBPOENA**

James S. Feltman, not individually but solely in his capacity as chapter 11 trustee (the "Trustee") of the bankruptcy estate of TS Employment, Inc. ("TSE"), pursuant to Rule 45 of the Federal Rules of Civil Procedure, as incorporated by Rule 9016 of the Federal Rules of Bankruptcy Procedure, moves the Court (this "Motion") for an order, substantially in the form annexed hereto as Exhibit A, to compel Robert Riiska ("Riiska") to comply with the Trustee's September 16, 2015 subpoena *duces tecum* (the "Subpoena"), annexed hereto as Exhibit B, which was issued pursuant to the Court's April 16, 2015 *Order Authorizing Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy*

*Procedure* (Dkt. No. 94) (the "2004 Order"). In support of this Motion, the Trustee submits the Affidavit of Vincent E. Lazar, annexed hereto as <u>Exhibit C</u>, and respectfully states:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334 and the "Amended Standing Order of Reference" for the Southern District of New York, dated January 31, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) in which the Court may constitutionally enter a final order. The Trustee consents to the entry of a final order by the Court herein.

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested herein are § 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Fed. R. Civ. P. 45, as incorporated by Rule 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4. On February 2, 2015 (the "TSE Petition Date"), TSE filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court. On February 27, 2015, the U.S. Trustee appointed Mr. Feltman as chapter 11 trustee in the case, and that same day, the Court entered an order approving the appointment. (Dkt. Nos. 33 & 36).

5. On April 16, 2015, the Trustee made an *ex parte* application to the Court seeking an order authorizing the Trustee to take discovery pursuant to Bankruptcy Rule 2004. (Dkt. No. 93.) Later that day, the Court entered the 2004 Order granting the Trustee's application. (Dkt. No. 94.) The 2004 Order gave the Trustee broad subpoena powers, including the authority to "to issue subpoenas for the production of documents . . . consistent with [Bankruptcy] Rule 9016 . . . concerning any asset, liability, duty, obligation, contract, transaction, or other issue related to the Debtor." (Dkt. No. 94 at 1.)

6. The 2004 Order further provided, in relevant part, that any person withholding documents based on privilege must "provide a privilege log . . . to be received with the document production required by the subpoena, or at such time as mutually agreed to by the Trustee and the subpoenaed . . . person." (Dkt. No. 94 at 2.)

7. On July 23, 2015, TSE's affiliate, Corporate Resource Services, Inc. ("CRS") and its subsidiaries Accountabilities, Inc., Corporate Resource Development Inc., Diamond Staffing Services, Inc., Insurance Overload Services, Inc., Integrated Consulting Services, Inc., The CRS Group, Inc. and TS Staffing Services, Inc. (collectively with CRS, the "CRS Debtors" and, collectively with TSE, the "Debtors"), commenced voluntary Chapter 11 cases in the Bankruptcy Court for the District of Delaware. On August 21, 2015, the Court transferred the CRS Debtors' bankruptcy cases to this District. (CRS Dkt. No. 116), and on September 22, 2015, the U.S. Trustee appointed Mr. Feltman as chapter 11 Trustee for the CRS Debtors' cases. (CRS Dkt. No. 143.)

8. On September 16, 2015, the Trustee served the Subpoena on Riiska for, generally speaking, the production of all documents and communications in his possession, custody, or control relating to (i) his tenure as the Chief Restructuring Officer for CRS (the "CRO"), (ii) the business practices of TSE, CRS, and various affiliated entities (the "Tri-State Entities"), and (iii) Wells Fargo's relationship with CRS, TSE and the Tri-State Entities. (*See* Ex. B, Sched. A, at 5-8.)

9. The Subpoena also provided clear instructions for Riiska in the event he decided to withhold documents from production based on an asserted privilege. In short, the Subpoena required Riiska to produce a standard privilege log of any such documents to allow the Trustee to evaluate the merits of the privilege claim. (*See* Ex. B, Sched. A, at 4.)

10. On November 13, 2015, Riiska served his responses and objections to the Subpoena (the "Response") on the Trustee. A copy of the Response is annexed hereto as Exhibit D. The Response indicated that Riiska would produce documents only "for the time period of his appointment on February 4, 2015 [as CRS's CRO] through his resignation on July 22, 2015." (Ex. D, at 2.) Riiska's document production consists solely of documents and records from February 4, 2015 through July 22, 2015. (Ex. C ¶ 6.)

11. Further, Riiska lodged a general objection to the Subpoena on privilege grounds "including the attorney-client privilege, the work product privilege, and/or any applicable confidential or proprietary or immunity." (Ex. D, at 2; 7-10.) Riiska did not provide a privilege log or detail which documents were being withheld on these grounds.

4

(Ex. C ¶ 7.)  To date, Riiska has neither identified any particular documents that he has withheld on grounds of a privilege or explained the basis for his assertion of privilege, nor has he produced a privilege log.  (Ex. C ¶¶ 7-12.)

12. In February 2017, in connection with the investigation being conducted by Jenner & Block LLP, the Trustee's special litigation counsel, the Trustee learned that Riiska's involvement with CRS pre-dated his time as CRS's CRO by almost a year. Specifically, the Trustee learned that Riiska and his firm Focus Management Group had significant contact with TSE and CRS as early as March 2013.  (Ex. C ¶ 8.)

13. Upon learning this fact, the Trustee's special litigation counsel, Vincent E. Lazar, sent an email on March 1, 2017 to Riiska's counsel explaining that the Trustee had recently learned that "Mr. Riiska had significant contacts with TSE and CRS prior to Mr. Riiska's appointment as CRO" and requested that Riiska produce "all documents related to TSE and CRS . . . including documents relating to the pre-February 4, 20[1]5 period."  (Ex. E, at 1; *also* Ex. C ¶ 9.)

14. Mr. Lazar's March 1, 2017 email to Riiska's counsel also noted that while Riiska had objected to producing certain documents based on alleged privileges, Riiska "did not provide a privilege log, and therefore we do not know whether any documents or information were actually withheld, or on what basis."  (Ex. E, at 1-2.)  Mr. Lazar explained that to the extent Riiska was asserting privilege held by CRS, the Trustee is the holder of any such privilege and therefore any documents withheld on that ground should be produced.  (Ex. E, at 2.)  Mr. Lazar further requested that Riiska provide a

privilege log to the extent Riiska withheld any documents based on an asserted privilege to allow the Trustee to "evaluate the privilege assertion." (Ex. E, at 2.)

15. Mr. Lazar, having received no response to his March 1, 2017 email, sent a follow-up email on March 8, 2017. (Ex. E, at 1.) The next day, Mr. Lazar received a one-line response from Riiska's counsel stating that he was "looking into the issue and will get back to you." (*Id.*) However, another week passed without a further word from Riiska's counsel. Consequently, on March 16, 2017, Mr. Lazar again inquired as to the status of the Trustee's requests. (*Id.*)

16. On March 17, 2017, Riiska's counsel responded and stated that Riiska and his counsel were "not ignoring your request" but would "need some time to get back to you." (*Id.*) That same day, Mr. Lazar replied stating that the Trustee needed a more definite timeframe for when Riiska would substantively address the Trustee's request. (*Id.*) Riiska's counsel has yet to respond. (Ex. C ¶ 10.) As of the date of the filing of this Motion, Riiska has not provided any additional documents or a privilege log to the Trustee, and has not addressed the Trustee's requests in any substantive manner. (Ex. C ¶¶ 7-12.)

**RELIEF REQUESTED**

17. By this Motion, the Trustee seeks the entry of an order compelling Riiska to promptly produce all documents responsive to the Subpoena, including any documents withheld on the basis of an asserted privilege.

**BASIS FOR RELIEF**

18. Under Civil Rule 45, the Trustee at "[a]t any time" may move this Court for an order compelling Riiska to comply with the Subpoena. Fed. R. Civ. P. 45(d)(2)(B)(i); *see* Fed. R. Bankr. P. 2004(c) (providing that "the production of documents . . . may be compelled as provided in Rule 9016"); Fed. R. Bankr. P. 9016 ("[Civil] Rule 45 . . . applies in cases under the [Bankruptcy] Code."). For the reasons laid out below, such an order is appropriate here.

### A. The Trustee Is Entitled To All Responsive Documents.

19. The Subpoena was issued in accordance with the 2004 Order, which, in part, authorizes the Trustee "to issue subpoenas for the production of documents . . . consistent with [Bankruptcy] Rule 9016 . . . concerning any asset, liability, duty, obligation, contract, transaction, or other issue related to the Debtor." (Dkt. No. 94 at 1.) Pursuant to that general authorization, the Trustee, through the Subpoena, sought information from Riiska regarding his involvement with the TSE, CRS, and the Tri-State Entities both before, during and after his tenure as CRS's CRO.

20. Riiska took the position that he need only produce documents related to the period of time he officially served as CRS's CRO, and failed to apprise the Trustee that he had previously performed services related to CRS and TSE. Documents relating to Riiska's work performed in connection with the Debtors and prior to his appointment as CRS's CRO clearly are relevant to the Debtors' bankruptcy cases and fall within the scope of the Subpoena and the terms of the 2004 Order.

7

21.  There is no legal basis for Riiska's refusal to fully comply with the Subpoena. *See, e.g.*, *Mirra v. Jordan*, 2015 WL 8526550, at *2 (S.D.N.Y. Dec. 7, 2015) (granting a motion to compel production by a nonparty under Civil Rule 45 subpoena); *Ambac Assurance Corp. v. EMC Mortg. Corp.*, 2010 WL 2736893, at *2-3 (E.D.N.Y. July 9, 2010) (same); *accord Official Comm. of Unsecured Creditors v. Grant (In re Refco, Inc.)*, 2007 WL 9232701, at *3-4 (N.D. Ill. Jan. 16, 2007) (upholding a bankruptcy court order compelling production in compliance with a Rule 45 subpoena issued in connection with Bankruptcy Rule 2004); *In re Parikh*, 397 B.R. 518, 525-27 (Bankr. E.D.N.Y. 2008) (discussing the broad scope of discovery under Bankruptcy Rule 2004, and holding debtors in contempt for failure to produce documents in response to a Rule 45 subpoena).

**B.  Riiska's Assertions of Privilege Are Either Wrong or Have Been Waived.**

22.  Based on the Response, Riiska did not produce at least some responsive documents as the result of an assertion of privilege.  It is, however, impossible to know which or how many documents Riiska withheld because Riiska never provided a privilege log.

23.  To the extent Riiska withheld documents based upon an asserted privilege held by CRS, that argument is meritless.  Although Mr. Feltman had not yet been appointed chapter 11 trustee of the CRS Debtors at the time the Subpoena was issued, by the time Riiska responded to the Subpoena, Mr. Feltman had been appointed chapter 11 trustee of the CRS Debtors and thus Riiska could not use CRS's privilege as an excuse to withhold documents from the trustee.  *CFTC v. Weintraub*, 471 U.S. 343, 352-54, 358 (1985)

8

(holding that the bankruptcy trustee of a corporation can waive the corporation's privilege claims over prepetition communications); *see also Grubin v. Rattet (In re Food Mgmt. Grp., LLC)*, 380 B.R. 677, 709 (Bankr. S.D.N.Y. 2008) (explaining that under *Weintraub*, "[u]pon the appointment of a chapter 11 trustee the power to control the attorney-client privilege passes to the trustee").

24. Further, to the extent Riiska is attempting to shield documents from production based on a privilege allegedly held by Wells Fargo, Riiska has long since waived that argument. Fed. R. Civ. P. 45 provides that "[a] person withholding subpoenaed information under a claim that it is privileged . . . *must* . . . (ii) describe the nature of the withheld documents . . . in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(A). In the Second Circuit, a person asserting privilege must "file a full privilege log within a 'reasonable time'" after the time for making objections under Fed. R. Civ. P. 45(d)(2)(B) has passed. *Horace Man Ins. Co. v. Nationwide Mut. Ins. Co.*, 240 F.R.D. 44, 48 (D. Conn. 2007) (quoting *DG Creditor Corp. v. Dabah (In re DG Acquisition Corp.)*, 151 F.3d 75, 81 (2d Cir. 1998)). Failing to timely file a privilege log is a failure to perfect the claim of privilege, and "[w]here a party has failed to show that documents are privileged, they are treated as non-privileged and, hence, discoverable." *Id.* In other words, "waiver, rather than some lesser penalty, is the appropriate remedy when a party has failed to provide timely privilege logs." *Micillo v. Liddle & Robinson LLP*, 2016 WL 2997507, at *3

(S.D.N.Y. May 23, 2016) (citing *S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 167-68 & n.7)).

25. Riiska's failure to provide a privilege log also violated the 2004 Order, which expressly required any person withholding documents based on privilege "to provide a privilege log . . . to be received with the document production required by the subpoena, or at such time as mutually agreed to by the Trustee and the subpoenaed . . . person." (Dkt. No. 94, at 2.) The Trustee and Riiska did not agree to any other time for the provision of a privilege log, nor did Riiska ask for such an extension (Ex. C ¶ 12), and therefore, Riiska was required to produce a privilege log at the time Riiska produced his documents. Further, the Subpoena itself instructed that Riiska was to provide a privilege log "upon completion of the production of non-privileged documents." (Ex. B, at 4.) Riiska did not object to this provision.

26. Almost a year and half has passed since Riiska provided the Response, and yet no privilege log has been produced. (*See* Ex. D, at 13; Ex. C ¶ 5.) This lengthy delay is unreasonable, and Riiska therefore has failed to perfect a claim of privilege as a basis for withholding any documents from production in response to the Subpoena. *See, e.g.*, *Micillo*, 2016 WL 2997507, at *3 (holding that a party responding to a Rule 45 subpoena had waived all asserted privileges due to a *three-month* delay in the provision of its privilege log); *Horace Man*, 240 F.R.D. at 48 (finding a failure to perfect a claim of privilege after the passage of *four months* without filing a privilege log). Moreover, the "obligation to produce a privilege log [i]s triggered by service of the subpoena, not by [the serving

10

party]'s reminder." *Micillo*, 2016 WL 2997507, at *3. Accordingly, Riiska has long since waived any valid assertion of privilege he may have had and he therefore should be compelled to produce all responsive documents to the Subpoena.

## NOTICE

27. The Trustee has given notice of this Motion to the U.S. Trustee, Riiska, and all parties that have requested notice in these cases. The Trustee submits that under the circumstances, no other or further notice need be provided.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form of the order annexed hereto as Exhibit A, directing Riiska to produce all documents responsive to the Subpoena, including any documents withheld on the basis of an asserted privilege, and granting such other or further relief as may be just and proper.

Dated: April 6, 2017                    Respectfully submitted,


                                        By:   /s/   *Vincent E. Lazar*

                                        Vincent E. Lazar
                                        JENNER & BLOCK LLP
                                        353 North Clark Street
                                        Chicago, Illinois 60654
                                        (312) 222-9350
                                        vlazar@jenner.com

                                        Richard Levin
                                        Brian J. Fischer
                                        JENNER & BLOCK LLP
                                        919 Third Avenue, 38th Floor
                                        New York, New York 10022
                                        (212) 891-1600
                                        rlevin@jenner.com

                                        *Special Litigation Counsel for the
                                        Chapter 11 Trustee*