JENNER & BLOCK LLP
Vincent E. Lazar
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

Richard Levin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600

*Special Litigation Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>TS EMPLOYMENT, INC.,<br><br>Debtor. | Case No. 15-10243 (MG)<br><br>Chapter 11 |
| In re<br><br>CORPORATE RESOURCE SERVICES, INC., *et al.*,[1]<br><br>Debtors. | Case No. 15-12329 (MG)<br><br>Chapter 11<br><br>(Jointly Administered) |
| JAMES S. FELTMAN, not individually but solely as chapter 11 trustee for TS Employment, Inc.,<br><br>Plaintiff,<br>v.<br><br>KOSSOFF & KOSSOFF LLP and IRWIN KOSSOFF,<br><br>Defendants. | Adv. Proc. No. 18-1649 (MG) |

---

[1] The Debtors in these jointly administered chapter 11 cases are: (1) Corporate Resource Services, Inc., (2) Accountabilities, Inc., (3) Insurance Overload Services, Inc., (4) Integrated Consulting Group, Inc. (incorrectly identified by the Debtors as "Integrated Consulting Services, Inc."), (5) Corporate Resource Development Inc., (6) The CRS Group, Inc., (7) Diamond Staffing Services, Inc., and (8) TS Staffing Services, Inc.

# NOTICE OF CHAPTER 11 TRUSTEE'S MOTION TO APPROVE SETTLEMENT UNDER BANKRUPTCY RULE 9019 WITH KOSSOFF & KOSSOFF LLP AND IRWIN KOSSOFF

PLEASE TAKE NOTICE that a hearing ("Hearing") on the annexed motion ("Motion") of James S. Feltman, not individually but solely in his capacity as Chapter 11 trustee (the "Trustee") of TS Employment, Inc. ("TSE"), Corporate Resource Services, Inc. ("CRS"), and CRS's subsidiaries Accountabilities, Inc., Corporate Resource Development Inc., Diamond Staffing Services, Inc., Insurance Overload Services, Inc., Integrated Consulting Services, Inc., The CRS Group, Inc., and TS Staffing Services, Inc. (together with CRS, the "CRS Debtors," and collectively with TSE, the "Debtors"), for an order approving a settlement, substantially consistent with the terms of the settlement agreement attached as Exhibit 1 to the Motion, by and between by and among (i) the Trustee, on the one hand, and (ii) Kossoff & Kossoff LLP and Irwin Kossoff, on the other hand, will be held before the Honorable Martin Glenn, United States Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 523, New York, New York 10004-1408 on December 17, 2019 at 11:00 a.m. EST.

PLEASE TAKE FURTHER NOTICE that any responses or objections ("Objections") to the Motion to approve Settlement shall be in writing, shall conform to the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court: (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov); and (b) by all other parties in interest, on a CD-ROM, in text searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, so as to be so filed and received no later than December 10, 2019 (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an Objection to the Motion is not received by the Objection Deadline, the Bankruptcy Court may enter an order granting the relief sought without further notice.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: New York, New York
November 14, 2019

Respectfully submitted,

/s/ *Vincent E. Lazar*
Vincent E. Lazar
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
Tel. (312) 222-9350
vlazar@jenner.com

Richard Levin
Carl N. Wedoff
JENNER & BLOCK LLP
919 Third Avenue, 38th Floor
New York, New York 10022
(212) 891-1600
rlevin@jenner.com
cwedoff@jenner.com

*Special Litigation Counsel for the Chapter 11 Trustee*

JENNER & BLOCK LLP
Vincent E. Lazar
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

Richard Levin
Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600

*Special Litigation Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>TS EMPLOYMENT, INC.,<br><br>Debtor. | Case No. 15-10243 (MG)<br><br>Chapter 11 |
| In re<br><br>CORPORATE RESOURCE SERVICES, INC., *et al.*,[2]<br><br>Debtors. | Case No. 15-12329 (MG)<br><br>Chapter 11<br><br>(Jointly Administered) |
| JAMES S. FELTMAN, not individually but solely as chapter 11 trustee for TS Employment, Inc.,<br><br>Plaintiff,<br>v.<br><br>KOSSOFF & KOSSOFF LLP and IRWIN KOSSOFF,<br><br>Defendants. | Adv. Proc. No. 18-1649 (MG) |

---

[2] The Debtors in these jointly administered chapter 11 cases are: (1) Corporate Resource Services, Inc., (2) Accountabilities, Inc., (3) Insurance Overload Services, Inc., (4) Integrated Consulting Group, Inc. (incorrectly identified by the Debtors as "Integrated Consulting Services, Inc."), (5) Corporate Resource Development Inc., (6) The CRS Group, Inc., (7) Diamond Staffing Services, Inc., and (8) TS Staffing Services, Inc.

# CHAPTER 11 TRUSTEE'S MOTION TO APPROVE SETTLEMENT UNDER BANKRUPTCY RULE 9019 WITH KOSSOFF & KOSSOFF LLP AND IRWIN KOSSOFF

James S. Feltman, not individually but solely in his capacity as chapter 11 trustee (the "Trustee") of TS Employment, Inc. ("TSE"), Corporate Resource Services, Inc. ("CRS"), and CRS's subsidiaries Accountabilities, Inc., Corporate Resource Development Inc., Diamond Staffing Services, Inc., Insurance Overload Services, Inc., Integrated Consulting Services, Inc., The CRS Group, Inc. and TS Staffing Services, Inc. (together with CRS, the "CRS Debtors" and together with TSE, the "Debtors") by and through his undersigned counsel, respectfully submits this motion pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order (the "Settlement Order"), approving a settlement (the "Settlement"), substantially consistent with the terms of the settlement agreement attached hereto as Exhibit 1 (the "Agreement"), by and among (i) the Trustee, on the one hand, and (ii) Kossoff & Kossoff LLP ("K&K") and Irwin Kossoff ("Kossoff") (together, the "Kossoff Parties"), on the other hand.

## PRELIMINARY STATEMENT

1. The Settlement resolves the Debtors' estates' claims against the Kossoff Parties. The Trustee believes that the Debtors' estates have meritorious claims against the Kossoff Parties, who were TSE's former accountants, but his ability to pursue the claims is constrained by applicable law. Moreover, the Kossoff Parties strongly dispute these claims, have identified numerous defenses they will assert, and, as with any litigation, the ultimate outcome is uncertain. In addition, even if the Trustee were successful, K&K is defunct and Kossoff has limited assets, and the availability of insurance from which a substantial claim could be satisfied is questionable. In contrast to the delay, cost, and uncertainty of litigation and any subsequent collection efforts,

5

the Settlement represents a favorable alternative for all parties in interest. TSE's estate will recover $475,000 in the near term and avoid the risk and delay of litigation.

2. The Parties and the Kossoff Parties' insurer engaged in extensive negotiations and formal mediation with the assistance of counsel that culminated in the proposed Settlement. The Trustee respectfully submits that the Settlement is beneficial to the Debtors' estates and their creditors, and requests that the Court approve the Settlement and grant the other relief sough herein.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This Court has authority to hear and determine this Motion under 28 U.S.C. § 157(b) and the Amended Standing Order of Reference of the United States District Court for the Southern District of New York dated January 31, 2012. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a). The Trustee consents to this Court's entry of final orders or judgments on this Motion.

## BACKGROUND

**A. The Debtors.**

4. CRS is a formerly publicly-traded Delaware corporation, with its principal place of business in New York. CRS acted as a holding company for staffing, recruiting, and consulting companies, with a focus on light industrial services, clerical and administrative support and insurance related staffing.

5. TSE was the professional employer organization ("PEO") for the staffing businesses of the CRS Debtors. The CRS Debtors were TSE's only customers. As the PEO, TSE was the co-employer of record for the hundreds of thousands of temporary or seasonal workers

6

sourced by the CRS Debtors for their customers and was responsible for the payment of temporary worker's wages and payroll, remittance of withholdings, payment of employer taxes, risk-management underwriting, and payment of workers' compensation insurance and expenses.

6. From 2011 until 2014, TSE purported to extend financial accommodations to the CRS Debtors, including deferral of the payment of tens of millions of dollars owed to TSE by the CRS Debtors for PEO services.

7. In January 2015, the CRS Debtors' lender, Wells Fargo Bank, discovered that TSE had not paid more than $100 million in 2013 and 2014 payroll taxes, excluding penalties and interest. In response, Wells Fargo required (among other things) that chief restructuring officers with expansive powers be appointed for both TSE and CRS, and that TSE file a chapter 11 bankruptcy case.

8. On February 2, 2015 (the "TSE Petition Date"), TSE filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. The CRS Debtors, however, did not file bankruptcy at that time, and instead their businesses were either sold or shut down.

9. On July 23, 2015 (the "CRS Petition Date"), the CRS Debtors filed voluntary petitions for relief under chapter 11 in the Bankruptcy Court for the District of Delaware, which cases were subsequently transferred to this Court.

10. The United States Trustee for this region appointed Mr. Feltman as chapter 11 Trustee for TSE on February 27, 2015, and as chapter 11 Trustee for the CRS Debtors on September 22, 2015.

**B.    The Trustee's Claim.**

11. Prior to the TSE Petition Date, the Kossoff Parties provided accounting, tax and other services to TSE (the "Services").

12. On October 5, 2018, the Trustee commenced an adversary proceeding against the Kossoff Parties in the U.S. Bankruptcy Court for the Southern District of New York in an action captioned *Feltman v. Kossoff & Kossoff LLP*, Adv. Proc. No. 18-1649 (MG) (Bankr. S.D.N.Y.) (the "Adversary Proceeding"), alleging that the Kossoff Parties negligently or fraudulently provided the Services, including by failing to properly reflect TSE's tax liabilities on its financial statements, books and records filing incorrect tax returns; and failing to record liabilities to affiliates and TSE's workers compensation insurance company in TSE's financial statements, books and records.

13. On March 7, 2019, the Bankruptcy Court granted the Kossoff Parties' motion to dismiss the then-pending complaint, concluding it did not sufficiently support an inference of the insider exception to the *in pari delicto* doctrine and *Wagoner* rule, which the Court determined would otherwise bar the Trustee from bringing a claim against the Kossoff Parties. *Feltman v. Kossoff & Kossoff LLP (In re TS Employment, Inc.)*, 597 B.R. 543, 552 (Bankr. S.D.N.Y. 2019). The Trustee amended the complaint, and on July 10, 2019, the Court entered an order denying the Kossoff Parties' second motion to dismiss, finding that the Trustee had adequately stated claims for relief and pled sufficient facts to support a finding that the Kossoff Parties were insiders of TSE for purposes of the insider exception to the *in pari delicto* doctrine.

14. The Kossoff Parties dispute and deny the claims that have been brought against them, deny that they are insiders, and have indicated that they intend to defend vigorously and raise defenses at every stage.

**C.     The Settlement.**

15.     Following the Court's entry of the order denying the Kossoff Parties' second motion to dismiss, the Parties and the Kossoff Parties' insurer[3] agreed to mediation of the Adversary Proceeding and a related insurance coverage action.[4]

16.     Following extensive, arms'-length, and good faith negotiations, including extensive involvement of the third party mediator, the Parties ultimately reached the Settlement reflected in the Agreement. Its principal terms are as follows:

    a.     No later than thirty days after entry of the Settlement Order, the Kossoff Parties shall pay to the Trustee, for the benefit of the TSE's bankruptcy estate and its creditors, the sum of $475,000 (the "Payment");

    b.     The Kossoff Parties will stipulate and consent to the disallowance of any and all claims filed or that may be filed by it in any of the Debtors' bankruptcy cases, and agree that any and all proofs of claim filed in the Debtors' bankruptcy cases shall be deemed expunged;

    c.     The Trustee will release (i) all claims against the Kossoff Parties, and (ii) all claims against parties related to the Kossoff Parties arising from or related to services provided to TSE;

---

[3] The Kossoff Parties' professional liability insurer at the time the Adversary Proceeding was commenced denied coverage on the basis that the Kossoff Parties failed to provide notice of a potential claim when they executed a tolling agreement with the Trustee. An insurer from a prior period, Continental Casualty Company, had issued a $2 million professional liability policy for an earlier period, during which a claim was made by a third party; the Kossoff Parties assert that the claims in the Adversary Proceeding arise from the same set of facts and circumstances as the previous claim and are interrelated, and that therefore coverage is available under the Continental policy.

[4] Continental denied coverage to the Kossoff Parties on the basis that the claims asserted in the Adversary Proceeding are not interrelated with the prior claim. The Kossoff Parties then filed a declaratory judgment action against Continental seeking a judicial determination of the coverage issues, *Kossoff & Kossoff LLP, et al. v. Continental Casualty Company*, No. 7:19-cv-04696 (S.D.N.Y.).

  d.  The Trustee and Kossoff Parties shall file a notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(ii) dismissing the Adversary Proceeding with prejudice, and shall take such other and further actions as may be reasonably necessary to cause the Adversary Proceeding to be dismissed with prejudice; and

  e.  Mutual releases of all claims related to the subject matter of the Adversary Proceeding will be exchanged.

17. The Agreement is contingent upon receipt of payment by the Trustee; the Court's entry of the Settlement Order; and, if any objection is interposed, the Settlement Order becoming a Final Order.[5]

18. The Settlement further provides that in the event that any of the personal financial information provided by Kossoff to the Trustee is materially inaccurate, the releases granted in his favor shall be void.

19. The Kossoff Parties and Continental separately reached a settlement of the claims asserted in the coverage action, which includes provisions for funding of the Settlement Payment. No Court approval of that settlement is being sought by way of this motion.

## RELIEF REQUESTED

20. The Trustee requests that this Court enter the proposed Settlement Order approving the Settlement pursuant to Bankruptcy Rule 9019(a).

### I. The Court Should Approve the Settlement Because It Is Fair, Reasonable, and in the Paramount Interest of the Debtors' Estates and Their Creditors.

21. The Trustee has determined that further pursuit of claims against the Kossoff Parties would not be in the best interests of the Debtors' estates, and seeks approval of the Settlement under Bankruptcy Rule 9019(a), which provides in relevant part that "[o]n motion by

---

[5] Capitalized terms not otherwise defined herein have the meaning provided in the Agreement.

the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed R. Bankr. P. 9019(a).

22. Rule 9019 empowers the Court to approve compromises and settlements if they are "fair, equitable, and in the best interests of the estate." *In re Residential Capital, LLC*, 497 B.R. 720, 749 (Bankr. S.D.N.Y. 2013); *see Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424–25 (1968). In determining whether a settlement is fair and equitable, a court does need not decide the numerous issues of law and fact involved; it need only "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *Residential Capital*, 497 B.R. at 749. "Rather than conducting a mini-trial, the Court only needs to be apprised of those facts that are necessary to enable it to evaluate the settlement and to make a considered and independent judgment." *Residential Capital*, 497 B.R. at 749 (internal citations and quotation marks omitted).

23. As a general matter, "'settlements and compromises are favored in bankruptcy as they minimize costly litigation and further parties' interests in expediting the administration of the bankruptcy estate.'" *Residential Capital*, 497 B.R. at 749 (quoting *In re Dewey & LeBoeuf LLP*, 478 B.R. 627, 641–642 (Bankr. S.D.N.Y. 2012)); *see Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 455 (2d Cir. 2007) (settlements "help clear a path for the efficient administration of the bankrupt estate"). "Although courts have discretion to approve settlements, the business judgment of the debtor in recommending the settlement should be factored into the court's analysis." *In re MF Global Inc.*, No. 11-2790 MG, 2012 WL 3242533, at *5 (Bankr. S.D.N.Y. Aug. 10, 2012). Courts may also rely upon the opinion of trustee, the parties, and their respective counsel. *Id.*

24. The Second Circuit has identified seven interrelated factors that courts should consider when evaluating whether settlements fall within the range of reasonableness under Bankruptcy Rule 9019(a):

(1) the balance between the litigation's possibility of success and the settlement's future benefits;

(2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment;

(3) "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement;"

(4) whether other parties in interest support the settlement;

(5) the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement;

(6) "the nature and breadth of releases to be obtained by officers and directors"; and

(7) "the extent to which the settlement is the product of arm's length bargaining."

*Residential Capital, LLC*, 497 B.R. at 750 (quoting *In Motorola, Inc. v. Official Committee of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 462 (2d Cir. 2007)). An analysis of the *Iridium* factors demonstrates that the settlement is fair, reasonable and in the best interests of the Debtors' estates and creditors.

25. *First*, if the Parties were required to litigate the claims to conclusion, the outcome of the litigation, and the extent to which damages would be awarded, is uncertain. Although the Trustee believes that the underlying negligence and fraud claims are relatively straightforward, the prosecution of those claims is complicated by the *in pari delicto* doctrine and the need to establish

legal and factual exceptions thereto which would permit the claims being provided by the Trustee to be sustained as to the Kossoff Parties.

26. *Second*, any litigation of these claims would be costly and protracted. Litigation would require considerable time and effort on the part of the Trustee and his professionals, and also would involve extensive expert consultation and reports.

27. Moreover, collection of a large judgment is unlikely. K&K is defunct, and Kossoff has provided financial information to the Trustee demonstrating that he likely would be unable to satisfy any significant judgment. Moreover, the Kossoff Parties' insurer is contesting coverage for both defense costs and indemnification; even if coverage were available, defense costs likely would exceed the policy limits; and it is unclear whether indemnification would be available based upon the facts of this case.[6] Thus, the Trustee has concluded that the Settlement represents the highest and best opportunity for a meaningful recovery.

28. *Third*, the Settlement serves the interests of the Debtors' creditors. The settlement is a necessary step in the administration of the Debtors' chapter 11 cases, and will provide a meaningful recovery as opposed to the risk of delayed and uncertain recovery through litigation.

29. *Fourth*, the Trustee is unaware of any opposition to the Settlement from parties in interest.

30. *Fifth*, all parties are represented by sophisticated counsel, and this Court is familiar with both the complexity of these chapter 11 cases and the types of issues that arise in the litigation of claims of this nature.

---

[6] The Continental insurance policy has an exclusion from coverage for professional services involving management responsibilities. Thus, even if the claims were covered and the costs of defense did not exhaust the policy, Continental's position is that if the Trustee proves the Kossoff Parties were insiders and *de facto* officers in order to escape the application of the *in pari delicto* doctrine, indemnification will not be available as a result of the management exclusion.

31. *Sixth*, the scope of these releases provided to and received from the Kossoff Parties are appropriate in light of the recovery for the estates and the proposed Settlement.

32. *Seventh*, the Settlement was proposed, negotiated, and entered into by the parties with the assistance of a third-party mediator, without collusion, in good faith, and from arms'-length bargaining positions.

33. Accordingly, the Trustee submits that the Settlement and compromise embodied in the Agreement is appropriate in light of the relevant factors, is fair and equitable, and should be approved.

## NOTICE

34. The Trustee has given notice of this motion to the U.S. Trustee, the Internal Revenue Service, the Securities and Exchange Commission, and all parties that have requested notice in these cases. The Trustee submits that under the circumstances, no other or further notice need be provided.

## NO PRIOR REQUEST

35. No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

For the reasons set forth above, the Trustee respectfully requests that this Court enter an order approving the Settlement and granting such other relief as the Court may deem just and proper.

Dated: New York, New York
November 14, 2019

Respectfully submitted,

/s/ Vincent E. Lazar
Vincent E. Lazar
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
Tel. (312) 222-9350
vlazar@jenner.com

Richard Levin
Carl N. Wedoff
JENNER & BLOCK LLP
919 Third Avenue, 38th Floor
New York, New York 10022
(212) 891-1600
rlevin@jenner.com
cwedoff@jenner.com

*Special Litigation Counsel for the Chapter 11 Trustee*