Exhibit 1

**Settlement Agreement**

**EXECUTION VERSION**

**SETTLEMENT AGREEMENT**

This Agreement (the "**Agreement**") is entered into as of October 23, 2019, by and among James S. Feltman, not individually but solely in his capacity as chapter 11 trustee (the "**Trustee**") of TS Employment, Inc. ("**TSE**"), Corporate Resource Services, Inc. ("**CRS**"), and CRS's subsidiaries Accountabilities, Inc., Corporate Resource Development Inc., Diamond Staffing Services, Inc., Insurance Overload Services, Inc., Integrated Consulting Services, Inc., The CRS Group, Inc. and TS Staffing Services, Inc. (together with CRS, the "**CRS Debtors**" and together with CRS and TSE, the "**Debtors**"), on the one hand, and (ii) Kossoff & Kossoff LLP ("**K&K**") and Irwin Kossoff ("**Kossoff**", and together with K&K, the "**Kossoff Parties**"), on the other hand.

Recitals

A.   WHEREAS, on February 2, 2015 ("**TSE Petition Date**"), TSE filed a voluntary petition for relief under chapter 11 of title 11 of the U.S. Code (the "**Bankruptcy Code**") in the U.S. Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"); and

B.   WHEREAS, on July 23, 2015 (the "**CRS Petition Date**"), the CRS Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Delaware, which cases were subsequently transferred to the Bankruptcy Court and are being jointly administered in the chapter 11 case of *In re Corporate Resource Services, Inc.*, Case Nos. 15-12329, *et al.* (MG) (S.D.N.Y. Bankr.); and

C.   WHEREAS, the Trustee is the duly appointed chapter 11 trustee for the Debtors; and

D.   WHEREAS, prior to the TSE Petition Date, the Kossoff Parties provided accounting, tax and other services to TSE (the "**Services**"); and

E.   WHEREAS, on October 5, 2018, the Trustee commenced suit against the Kossoff Parties in the Bankruptcy Court in an action captioned *Feltman v. Kossoff & Kossoff LLP*, Adv. Proc. No. 18-1649 (MG) (Bankr. S.D.N.Y.) (the "**Trustee Action**"), alleging that the Kossoff Parties negligently or fraudulently provided the Services; and

F.   WHEREAS, On March 7, 2019, the Bankruptcy Court granted the Kossoff Parties' motion to dismiss the complaint, concluding it did not sufficient support an inference of the insider exception to the *Wagoner* rule and *in pari delicto* doctrine. *Feltman v. Kossoff & Kossoff LLP (In re TS Employment, Inc.)*, 597 B.R. 543, 552 (Bankr. S.D.N.Y. 2019). The Trustee amended the complaint, and on July 10, 2019, the Bankruptcy Court entered an order denying the Kossoff Parties' second

2941035.3

motion to dismiss, finding that the Trustee had adequately stated claims for relief; and

G. WHEREAS, the Kossoff Parties dispute and deny the claims that have been brought against them, and intend to defend vigorously and raise defenses at every stage; and

H. WHEREAS, the Parties recognize the significant cost and risk associated with the continuation of litigation; and

I. WHEREAS, the Parties have engaged in extensive negotiations with the assistance of a professional mediator have concluded that the execution and performance by them of this Agreement will avoid protracted and expensive litigation, and acknowledge that they are receiving a substantial and valuable benefit if the settlement embodied herein is consummated;

NOW, THEREFORE, for good and valuable consideration, including but not limited to the releases and other consideration provided for herein, the receipt and sufficiency of which are hereby acknowledged, it is agreed as follows:

1. Recitals.  The recitals set forth above constitute an integral part of this Agreement and are incorporated into this Agreement, evidencing the intent of the Parties in executing this Agreement, and describing the circumstances surrounding its execution.  Accordingly, this Agreement shall be construed in the light thereof.

2. Definitions. In addition to the defined terms above and hereafter, the following capitalized terms used in this Agreement shall have the meanings specified below:

    (a) "**Claims**" means any and all manner of claims, counterclaims, complaints, disputes, demands, rights, actions, potential actions, causes of action, liabilities, duties, obligations, damages, losses, diminutions in value, obligations, judgments, decrees, matters, issues, suits, proceedings, and controversies of any kind or nature whatsoever, including without limitation all claims related to the Services, all claims for professional malpractice, all claims for breach of contract, all claims for breach of fiduciary duty, all claims for indemnification or contribution, and all other obligations or claims of any and all kinds of torts, fraud, negligence, errors and omissions, bad faith, defamation, accounts, expenses, attorney fees, economic losses, bodily injury or injury to property, humiliation, mental anguish, and actual, compensatory, incidental, consequential, or indirect damages, lost profits, punitive or exemplary damages, whether known or unknown, asserted or

unasserted, contingent or absolute, liquidated or not liquidated, accrued or unaccrued, suspected or unsuspected, disclosed or undisclosed, claimed or unclaimed, apparent or not apparent, foreseen or unforeseen, matured or not matured, secured or unsecured, which now exist, or heretofore or previously existed, or may hereafter exist, whether or not any such matter or claim was asserted or could have been asserted on or before the Effective Date including, but not limited to, any claims arising under federal, state or foreign law, common law, bankruptcy law, statute, equity, rule or regulation, or agreement, whether individual, class, direct, derivative, representative, on behalf of others, legal, equitable, regulatory, governmental or of any other type or in any other capacity.

(b) **"Estate Releasees"** means, (i) in any capacity, the Debtors and the Debtors' estates; and (ii) with respect to any Claims arising from or related to the Debtors or the Debtors' estates, the Trustee, any and all of the Trustee's or the Debtors' past or present, direct or indirect, parent entities, subsidiaries, divisions, member firms, affiliates, predecessors and successors of each and all such entities, and each and all of their respective past or present partners, directors, principals, officers, board members, executives, shareholders, employees, subsidiaries, affiliates, divisions, predecessors, successors, assigns, heirs, attorneys, stockholders, boards, accountants, auditors, advisors, trustees, administrators, fiduciaries, consultants, representatives, insurers, co-insurers, reinsurers and agents, in their respective capacities as such.

(c) **"Kossoff Releasees"** means, (i) in any capacity, K&K and Kossoff; and (ii) with respect to any Claims arising from or related to the Services, any and all of K&K's past or present, direct or indirect, parent entities, subsidiaries, divisions, member firms, affiliates, predecessors and successors of each and all such entities, and each and all of their respective past or present partners, directors, principals, officers, board members, executives, shareholders, employees, subsidiaries, affiliates, divisions, predecessors, successors, assigns, heirs, attorneys, stockholders, boards, accountants, auditors, advisors, trustees, administrators, fiduciaries, consultants, representatives, insurers (including Continental Casualty Company), co-insurers, reinsurers and agents, in their respective capacities as such.

(d) **"Effective Date"** shall mean the date on which Payment is made to the Trustee pursuant to Section 3(a) of this Agreement.

(e) "**Final Order**" means an order that is final for purposes of 28 U.S.C. § 158 or § 1291, is no longer subject to appeal or a petition for certiorari, and no such proceedings are pending.

(f) "**Parties**" means the Trustee and the Kossoff Parties.

(g) "**Settlement**" means the settlement contemplated by this Agreement.

(h) "**Settlement Order**" means an order entered by the Bankruptcy Court approving the Settlement and the Trustee's entry into this Agreement.

3. Settlement.

(a) Kossoff Parties' Payment to Trustee. Within 30 days following the satisfaction of the conditions precedent specified in paragraph 4 below, Continental Casualty Company, on behalf of the Kossoff Parties, shall pay to the Trustee, for the benefit of the TSE's bankruptcy estate and its creditors, the sum of $475,000 (the "**Payment**"), which shall be delivered either by (i) check payable to "James S. Feltman, chapter 11 trustee of TS Employment, Inc.," delivered by overnight courier to counsel for the Trustee, or (ii) wire payment instructions provided by the Trustee.

(b) Court Approval. Promptly following execution of this Agreement, the Trustee shall submit to the Bankruptcy Court a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for entry of a Settlement Order. The Trustee will use good faith efforts to secure timely approval of the Settlement Order.

(c) Financial Condition. In connection with this Agreement, Kossoff has delivered to the Trustee a sworn statement concerning his assets, liabilities, financial condition and financial affairs, on which the Trustee has relied in agreeing to grant the releases memorialized in this Agreement. Kossoff acknowledges that the Trustee has relied on those sworn financial statements, and reaffirms and covenants that as of the date of this Agreement the sworn statement provided by them to the Trustee continues to be true and accurate in all material respects. Kossoff further acknowledges, and the Parties agree, that the releases granted hereunder by the Trustee shall be null, void and of no effect as to Kossoff if he has provided materially inaccurate sworn financial information to the Trustee.

(d) Disallowance of claims. Upon the Effective Date, the Kossoff Parties stipulate and consent to the disallowance of any and all claims filed or that may be filed by it in any of the Debtors' bankruptcy cases, and agree that any and all proofs of claim filed in the Debtors' bankruptcy cases shall be deemed expunged.

4

(d)     Dismissal of the Trustee Action.  Within 10 days following the Effective Date, the Trustee and Kossoff Parties shall file in the Trustee Action a notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(ii) dismissing the Trustee Action with prejudice, and shall take such other and further actions as may be reasonably necessary to cause the Trustee Action to be dismissed with prejudice.

4.      Conditions Precedent to Payment.  Payment pursuant to Section 3(a) of this Agreement shall be made after the last of the following has occurred:

(a)     The Bankruptcy Court shall have entered the Settlement Order; and

(b)     If an objection to entry of the Settlement Order is interposed and is not either (i) withdrawn, or (ii) resolved to the satisfaction of both the Trustee and Kossoff Parties, the Settlement Order shall have become a Final Order.

5.      Termination.

(a)     Prior to the satisfaction of the conditions precedent set forth in paragraph 4 above, notwithstanding the automatic stay under section 362 of the Bankruptcy Code, the Parties shall have the right to terminate this Agreement by delivery of notice of their election to do so ("**Termination Notice**") to the other Party, as follows and on the following terms:

>   1)      Either Party may terminate this Agreement within 30 days of the Bankruptcy Court declining to enter the Settlement Order in any material respect at a hearing on the Trustee's motion for approval of the Settlement Order; and
>
>   2)      In the event the Bankruptcy Court does not enter the Settlement Order within 90 days after the date of this Agreement, either Party may terminate this Agreement.

(b)     In the event of a material breach of this Agreement, the Party negatively impacted by the breach may terminate the Agreement before the Effective Date.

(c)     If this Agreement is terminated pursuant to this paragraph 5, the Agreement shall be deemed to be null and void, with each party bearing its own fees and costs incurred, and the Parties shall be free to pursue all rights, remedies, defenses and claims against each other that existed as of the date hereof as if this Agreement had never been executed, delivered and entered into by the Parties.

6.      Releases.

(a)     Estate Release.  Subject to the occurrence of the Effective Date, and further subject to paragraph 3.c, on behalf of the Debtors and the Debtors' estates, the Trustee

5

hereby unconditionally, absolutely and irrevocably release and discharge the Kossoff Releasees of all Claims, manners of action, causes of action, suits, debts, accounts, promises, warranties, damages and consequential damages, demands, agreements, costs or expenses whatsoever, of any kind or nature whether known or unknown, liquidated or unliquidated, disputed or undisputed, contingent, inchoate or matured, in law or in equity which the Debtors and the Debtors' estates now have or ever had against the Kossoff Releasees upon or by reason of any manner, cause or thing whatsoever on or at any time prior to the date of this Agreement, including, but not limited to Claims concerning, arising out of, or relating to the facts, circumstances, events, transactions or transfers alleged or which could have been alleged against the Kossoff Releasees, including without limitation any claims which could have been alleged in the action styled *Kossoff & Kossoff LLP, et al. v. Continental Casualty Company*, No. 7:19-cv-04696 (S.D.N.Y.) (the "Coverage Action") or arising out of the subject matter of the Coverage Action, it being the intention of the Trustee to reserve nothing whatsoever hereunder and to assure the Kossoff Releasees peace and freedom from each and every of the released Claims of whatever character and description and including any Claims that may be asserted derivatively by any creditor; provided, however, that nothing in this paragraph shall be deemed or construed to be a release, waiver or discharge of the terms and conditions of this Agreement.

The Trustee acknowledges that they may discover facts after the Effective Date different from, or in addition to, those which the Trustee now knows or believes to be true with respect to this Agreement, the Services, or the Kossoff Releasees generally. The Trustee agrees the releases contained in this paragraph 6(a) shall be and remain effective in all respects notwithstanding the future discovery of such different or additional facts.

(b) <u>Kossoff Releases</u>. Subject to the occurrence of the Effective Date, the Kossoff Parties hereby unconditionally, absolutely and irrevocably release and discharge the Estate Releasees of all Claims, manners of action, causes of action, suits, debts, accounts, promises, warranties, damages and consequential damages, demands, agreements, costs or expenses whatsoever, of any kind or nature whether known or unknown, liquidated or unliquidated, disputed or undisputed, contingent, inchoate or matured, in law or in equity which they now have or ever had against any of the Estate Releasees based upon or by reason of any manner, cause or thing whatsoever on or at any time prior to the date of this Agreement, including, but not limited to Claims concerning, arising out of, or relating to the facts, circumstances, events, transactions or transfers alleged or which could have been alleged against the Debtors, it being the intention of the Kossoff Parties to reserve nothing whatsoever hereunder and to assure the Estate Releasees, and each of them, their peace and freedom from each and every of the released claims of whatever character and description; provided, however, nothing in this paragraph shall be deemed or construed to be a release, waiver or discharge of the terms and conditions of this Agreement.

2941035.3

The Kossoff Parties acknowledge that they may discover facts after the Effective Date different from, or in addition to, those which they now know or believe to be true with respect to this Agreement, the Services, or the Estate Releasees generally. The Kossoff Parties agree that the releases contained in this paragraph 6(b) shall be and remain effective in all respects notwithstanding the future discovery of such different or additional facts.

7.  General Representations and Warranties.

(a) Authority. Each of the undersigned covenants and warrants that he or she has the power and authority to enter into and execute this Agreement and all releases, representations and warranties contained in this agreement, on behalf of the Party on whose behalf this Agreement is so executed.

(b) Advice of Counsel. Each of the Parties acknowledges and warrants that it has consulted with its attorneys regarding the terms of this Agreement, and that they have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise, settlement and waiver of any and all claims as set forth herein.

(c) Due Diligence. Each of the Parties has investigated the matters set forth in this Agreement, and all other matters pertaining to this Agreement. Each of the Parties represents and warrants that it has not relied upon any promises, agreements, representations, statements or warranties in entering into this Agreement that are not otherwise expressly provided for in this Agreement.

(d) Good Faith Settlement. The Parties acknowledge and agree that the Parties have entered into the Settlement set forth in this Agreement in good faith, after negotiation between the Parties, with the Kossoff Parties and the Trustee each represented by legal counsel of their own choosing. In the event that any third party asserts any claim for contribution, indemnity, indemnification, or based upon any other grounds or nature in the future against the Kossoff Parties related in any way to this subject matter of the Claims or this Agreement, the Parties mutually agree that the Kossoff Parties reserve the right to seek a court order determining and confirming that the Settlement set forth in this Agreement was made in good faith and bars all claims against the Kossoff Releasees, whether in law or in equity, asserted against the Kossoff Releasees by any third party related in any way to the subject matter of the Claims or this Agreement. The Trustee agrees to fully cooperate in, and not oppose, any application or motion that Kossoff Parties may file for an order determining and confirming that the Settlement set forth in this Agreement was made in good faith.

(e) No Assignment. The Trustee warrants and represents that, as of the Effective Date, he has not transferred or assigned, and will not transfer or assign, all or any part of the Claims released in paragraph 6(a) of this Agreement.

(f)     No Admission of Liability.  Nothing contained in this Agreement shall be deemed as an admission of any liability or lack of merit in any claim, by any party of any matter, claim or defense previously in dispute.  Each Party is aware that it may hereafter discover claims or facts in addition to or different from those it now knows or believes to be true.  Nevertheless, it is the intention of the Parties to fully, finally and forever settle and resolve any and all controversies among themselves, and all claims relative thereto, that do now exist or heretofore have existed between them.  In furtherance of such intention, the releases given herein shall be and remain in effect as a full and complete release of all such matters, notwithstanding the discovery or existence of any additional or different claims or facts relative thereto.

(g)     Costs.  The Parties shall bear their respective costs, fees, and expenses in connection with this Agreement and all other matters relating to or arising from the Debtors' cases.  The Parties each waive any rights that any of them may have to seek or recover any costs, fees, or expenses, including without limitation attorneys' fees related to or in connection with the Claims or this Agreement and the matters giving rise to this Agreement.

(h)     Successors and Assigns.  This Agreement shall be binding upon, and inure to the benefit of the Parties hereto and their respective successors and assigns of the parties.

(i)     Integration.  This Agreement represents the full and complete agreement between the Parties.  Any representations, warranties, promises, or conditions, whether written or oral, not specifically incorporated into this Agreement, or in any other agreements, instruments, certificates or documents delivered as required or contemplated under this Agreement, shall not be binding upon the Parties.  All other discussions, negotiations, and writings have been and are merged into this Agreement.

(j)     Severability.  If any term of this Agreement is found to be invalid, illegal, or incapable of being enforced by a court of law of appropriate jurisdiction, all other terms in this Agreement shall remain in full force and effect.

(k)     Writing Required.  Neither this Agreement nor any term or provision hereof may be changed, waived, discharged, or terminated except by an instrument in writing duly signed by the Party against which enforcement of the change, waiver, discharge, or termination is sought.

(l)     Governing Law and Consent to Jurisdiction.  This Agreement and all other documents required or contemplated hereby shall be governed by and construed in accordance with the laws of the State of New York applicable to contracts made and to be performed wholly within the State of New York but irrespective of its choice-of-law rules.  As specific inducement for the Parties to enter into this Agreement, each of the Parties hereby consents to the exclusive jurisdiction of the Bankruptcy Court for

resolution of any disputes arising under or related to this Agreement, and waives any objection it may have to the laying of venue in any such court and any claim that such suit has been brought in an inconvenient forum.

(m) <u>Notice to Parties.</u>

All notices given pursuant to this Agreement shall be delivered by hand delivery; overnight delivery by reputable overnight delivery service; or email with a copy by U.S. Mail, at the following addresses (or, if applicable, the most current address available for such Party):

If to the Trustee:

>Vincent E. Lazar
>Jenner & Block LLP
>353 N. Clark Street
>Chicago, IL 60654
>vlazar@jenner.com

>Carl Wedoff
>Jenner & Block LLP
>919 Third Avenue
>New York, NY 10022
>cwedoff@jenner.com

If to the Kossoff Parties:

>Steven G. Storch
>Storch Byrne LLP
>110 East 59th Street, 23rd Floor
>New York, New York 10022
>sstorch@storchbyrnelegal.com

(n) <u>Headings</u>. Paragraph headings contained in this Agreement are inserted for convenience of reference only, shall not be deemed to be a part of the Agreement, and shall not define or affect the meaning, construction, or scope of any of the provisions of this Agreement.

(o) <u>Counterparts</u>. This Agreement may be signed in two or more original counterparts, each of which shall for all purposes be considered an original of this Agreement. Facsimile signatures shall be treated in all manner and respects as an original signature.

*[Signature Pages Follow]*

IN WITNESS WHEREOF, the Parties hereby have executed and delivered this Agreement as of the day and year first above written.

_____, Trustee
**JAMES S. FELTMAN**, not individually but as chapter 11 trustee for the Debtors' estates


_____
**IRWIN KOSOFF**


**KOSOFF & KOSOFF LLP**

By: _____
Its: _____

IN WITNESS WHEREOF, the Parties hereby have executed and delivered this Agreement as of the day and year first above written.

---

**JAMES S. FELTMAN**, not individually but as chapter 11 trustee for the Debtors' estates

*[signature]* 10/27/19
**IRWIN KOSOFF**

**KOSSOFF & KOSOFF LLP**

By: *[signature]* 10/27/19
Its: PARTNER