**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>TS EMPLOYMENT, INC.,<br><br>Debtor. | Case No. 15-10243 (MG)<br><br>Chapter 11 |
| In re<br><br>CORPORATE RESOURCE SERVICES, INC., *et al.*,[1]<br><br>Debtors. | Case No. 15-12329 (MG)<br><br>Chapter 11<br><br>(Jointly Administered) |
| JAMES S. FELTMAN, not individually but solely as chapter 11 trustee for TS Employment, Inc.,<br><br>Plaintiff,<br>v.<br><br>KOSSOFF & KOSSOFF LLP and IRWIN KOSSOFF,<br><br>Defendants. | Adv. Proc. No. 18-1649 (MG) |

## ORDER APPROVING SETTLEMENT
## PURSUANT TO BANKRUPTCY RULE 9019

Upon the Motion,[2] dated November 14, 2019, of James S. Feltman, not individually but solely in his capacity as Chapter 11 trustee (the "Trustee") of the Debtors, for entry of an order pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the Settlement set forth in the Agreement, substantially in the form attached to the Motion, by and

---

[1] The Debtors in these jointly administered chapter 11 cases are: (1) Corporate Resource Services, Inc., (2) Accountabilities, Inc., (3) Insurance Overload Services, Inc., (4) Integrated Consulting Group, Inc. (incorrectly identified by the Debtors as "Integrated Consulting Services, Inc."), (5) Corporate Resource Development Inc., (6) The CRS Group, Inc., (7) Diamond Staffing Services, Inc., and (8) TS Staffing Services, Inc.

[2] Capitalized terms not defined herein have the meaning provided in the Motion or the Agreement.

among (i) the Trustee, and (ii) Kossoff & Kossoff LLP ("K&K") and Irwin Kossoff ("Kossoff") (together, the "Kossoff Parties"); and

Upon consideration of the Motion, any objections thereto, briefs and arguments of counsel, and due and proper notice of the Motion having been provided to all parties in interest, and it appearing that the notice of the Motion is sufficient, adequate, and timely under the circumstances of this case and that no other or further notices need be provided; and a reasonable opportunity to object or be heard regarding the motion having been given to all such parties; and a full and fair opportunity having been afforded to litigate all issues raised in all objections, or which might have been raised, and all objections having been fully and fairly litigated;

IT IS HEREBY ORDERED THAT:

1. The Motion is granted in all respects.

2. The Settlement described in the Motion and Agreement is authorized and approved pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

3. The Trustee is authorized to enter into the Agreement, and to take any and all actions reasonably necessary to consummate the Agreement and perform any and all obligations contemplated therein.

4. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

5. The Court shall retain jurisdiction to (i) enforce and implement the terms and provisions of the Agreement and resolve disputes thereunder, and (ii) implement and enforce the provisions of this Order.

6. This Order shall be effective and enforceable immediately upon entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a). To the extent applicable, Bankruptcy Rule 6004(h) is hereby waived.

**IT IS SO ORDERED.**

Dated: December 17, 2019
       New York, New York

                                    **_/s/ Martin Glenn_**
                                    MARTIN GLENN
                              United States Bankruptcy Judge